UNITED STATES of America, ex rel. Leon BRAUN, Plaintiff–Appellant,

v.

THE SEMINOLE TRIBE OF FLORIDA, INC.; The Seminole Tribe of Florida; Minnesota Court Judges: Richard Kyle, William Jay Riley, David R. Hansen, Levinsky R. Smith; 11th Circuit Judges Joel F. Dubina, J.L. Edmondson, R.L. Anderson; The Law Firm of Jacobson, Buffalo,

Schoessler & Magnuson, Ltd.; The Law Firm of Kamen & Orlovsky, P.A.; and The Law Firm of Lerner & Pearce, P.A., Defendants–Appellees.

No. 05–0439.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Neil Braun,[1] for Appellant.

Donald A. Orlovsky, Kamen & Orlovsky, P.A., West Palm Beach, FL, for Seminole Tribe of Florida, Inc., and Seminole Tribe of Florida.

Heather K. McShain, Assistant United States Attorney (David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Richard H. Kyle, William J. Riley, David R. Hansen, Lavenski R. Smith, Joel F. Dubina, James L. Edmondson, and R. Lanier Anderson III.

PRESENT: KEARSE, CABRANES Circuit Judges, and BERMAN,* District Judge.

## SUMMARY ORDER

In 1998, plaintiff Leon Braun filed a *qui tam* action on behalf of the United States pursuant to the False Claims Act ("FCA"),

---

1. Prior to oral argument, appellant had been proceeding *pro se*. At oral argument, he appeared with his son, Neil Braun, who was permitted to argue on appellant's behalf after representing to the Court that he is a member of the New Jersey bar.

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

31 U.S.C. § 3729, *et seq.,* in the United States District Court for the Southern District of Florida, alleging that the Seminole Tribe of Florida and the Seminole Tribe of Florida, Inc. (the "tribal defendants"), had used false records to obtain government funding by failing to provide the Bureau of Indian Affairs with accurate accounting information. Recognizing that it lacked jurisdiction upon the assertion of a claim of tribal sovereign immunity, the District Court dismissed that action. *See Braun v. Seminole Tribe of Florida, Inc.,* No. 98–6580, Order of Dismissal for Lack of Subject Matter Jurisdiction (S.D.Fla. Aug. 31, 1999). In August 2000, that judgment was affirmed by the United States Court of Appeals for the Eleventh Circuit. *See Braun v. Seminole Tribe of Florida, Inc.,* 232 F.3d 215 (11th Cir.2000) (table decision).

In April 2002, Braun filed a *qui tam* action in the United States District Court for the District of Minnesota on the basis of materially identical allegations. The tribal defendants moved to dismiss the complaint and Magistrate Judge Arthur J. Boylan recommended that the motion be granted on *res judicata* grounds. *See Braun v. Seminole Tribe of Florida, Inc.,* No. 02–927, Report and Recommendation on Motion to Dismiss ("R & R") (D.Minn. Nov. 7, 2002). The District Court adopted the R & R and dismissed the complaint. *See Braun v. Seminole Tribe of Florida, Inc.,* No. 02–927, Order Dismissing Complaint (D.Minn. Dec. 16, 2002). Braun then filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b), which was denied, *Braun v. Seminole Tribe of Florida, Inc.,* No. 02–927, Order (D.Minn. Dec. 27, 2002), and that denial was affirmed by the United States Court of Appeals for the Eighth Circuit in October 2003. *See Braun v. Seminole Tribe of Florida, Inc.,* No. 03–2595, 79 Fed.Appx. 243 (8th Cir.2003) (unpublished decision).

In July 2004, Braun filed a *qui tam* action in the United States District Court for the Southern District of New York that was predicated on the same allegations underlying the Southern District of Florida and District of Minnesota actions (the "prior suits"). Along with this third iteration of his claims against the tribal defendants, however, Braun also asserted claims against the judges who had been involved in the adjudication of the prior suits ("judicial defendants") and law firms that had represented the tribal defendants ("law firm defendants"). Braun alleged that the judicial defendants had committed "treasonable act[s]" in dismissing his prior suits; that the judicial defendants aided and abetted the tribal defendants, in violation of 18 U.S.C. § 2, in a conspiracy to avoid adjudication of his claims; and that the law firm defendants violated their ethical obligations. The District Court *sua sponte* dismissed Braun's action on the grounds that: (1) the doctrine of *res judicata* precluded his claims; (2) the judicial defendants were entitled to absolute judicial immunity; (3) the conspiracy claims asserted were too vague and devoid of a basis in fact; (4) private citizens cannot prosecute others pursuant to criminal laws; and (5) the Court lacked subject matter jurisdiction to consider the alleged breaches of ethical duties. *See Braun v. The Seminole Tribe of Florida, Inc.,* No. 04 Civ. 5327, Order of Dismissal (S.D.N.Y. July 8, 2004) ("Order of Dismissal"). In addition, the District Court warned Braun that filing future complaints arising from the same matter could subject him to an order pursuant to 28 U.S.C. § 1651 that would require him to obtain leave of the court before filing a new action. Order of Dismissal, at 5.

On appeal, Braun advances various allegations that the District Judge acted improperly and treasonously. Braun also

argues that the District Court erred in dismissing his claims. We find Braun's accusations of misconduct wholly unfounded and, for the reasons set forth by the District Court in its Order of Dismissal, we conclude that Braun's contentions on appeal are without merit. Accordingly, we hereby AFFIRM the judgment of the District Court. Furthermore, we DENY all presently pending motions as moot. Finally, based upon our consideration of the record of this and prior proceedings, we take this occasion to serve notice on Braun that additional appellate litigation relating to this matter may subject him to a requirement that he obtain leave before filing appeals, *see In re Martin–Trigona*, 9 F.3d 226, 227 (2d Cir.1993), to monetary penalties, *see* Fed.R.Civ.P. 11(c); Fed. R.App. P. 38, or to other sanctions.